IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| TRACEY McCALL, as administratrix of the estate of Jonathan McCall and as Guardian Ad Litem of the minor child of Jonathan McCall,<br><br>    Plaintiff,<br><br>    v.<br><br>HOUSTON COUNTY, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO.<br>)     1:11cv559-MHT<br>)        (WO)<br>)<br>)<br>) |

OPINION AND ORDER

It is ORDERED as follows:

(1) The motion to dismiss (Doc. No. 53) is granted as to defendant Andy Hughes and said defendant is terminated as a party.  Even if Sheriff Hughes's failed to run the Houston County Sheriff's Department as alleged, the complaint's conclusory allegations are insufficient to show that these failings were responsible for the damages claimed.

   (2) Said motion is denied as to defendant Keith Reed. The complaint alleges that Jailer Reed was on duty, heard the decedent's calls for medical help, and was deliberately and intentionally indifferent.  The complaint is sufficient to allege federal and state claims of failure to provide medical needs or services.  Reed is not entitled to 'qualified immunity,' for "the state of the law ... gave [them] fair warning that their alleged treatment of [the Porters] was unconstitutional."  Hope v. Pelzer, 536 U.S. 730, 740 (2002); nor is he entitled to 'absolute immunity' under state law, for "jailers are not entitled to absolute immunity under Art. I, § 14 of the Alabama Constitution," LeFrere v. Quezada, 588 F.3d 1317 (11th Cir. 2009); nor is he entitled to state-agent immunity in light of the allegations that his conduct was wilful and in bad faith. Ex parte Cranman, 792 So.2d 392 (Ala. 2000).  The court assumes that Reed has been sued in his 'individual capacity' only.

   DONE, this the 29th day of March, 2013.

                              /s/ Myron H. Thompson
                          UNITED STATES DISTRICT JUDGE