IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| TRACEY MCCALL, as administratrix of the estate of Jonathan McCall and as Guardian Ad Litem of the minor child of Jonathan McCall,    Plaintiff, v. HOUSTON COUNTY, et al.,    Defendants. | ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. ) 1:11cv559-MHT )     (WO) ) ) ) |

OPINION AND ORDER

It is ORDERED that the motion to dismiss (Doc. No. 55) is denied.

***

The complaint alleges that Jailers Ronnie Phillips and James West and Nurse Ashleigh Kennedy were on duty, heard the decedent's calls for medical help, and was deliberately and intentionally indifferent. The complaint is sufficient to allege federal and state claims of failure to provide medical needs or services.

Phillips, West, and Kennedy are not entitled to 'qualified immunity,' for "the state of the law ... gave [them] fair warning that their alleged treatment of [the Porters] was unconstitutional."  Hope v. Pelzer, 536 U.S. 730, 740 (2002).  Nor are Phillips and West entitled to 'absolute immunity' under state law, for "jailers are not entitled to absolute immunity under Art. I, § 14 of the Alabama Constitution," LeFrere v. Quezada, 588 F.3d 1317 (2009 11th Cir.); nor are they state-agent immunity in light of the allegations that the conduct was wilful and in bad faith.  Ex parte Cranman, 792 So.2d 392 (Ala. 2000).  Because Nurse Kennedy is not a sheriff or deputy sheriff and is more comparable to a jailer, the logic in these cases applies to her as well.  The court assumes that Phillips, West, and Kennedy have been sued in their 'individual capacities' only.

    DONE, this the 29th day of March, 2013.

                                   /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**