IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
TRACEY McCALL, as            )
administratrix of the        )
estate of Jonathan McCall,   )
                             )
    Plaintiff,               )
                             )    CIVIL ACTION NO.
    v.                       )      1:11cv559-MHT
                             )          (WO)
HOUSTON COUNTY, et al.,      )
                             )
    Defendants.              )
```

OPINION AND ORDER

Plaintiff Tracey McCall, on behalf of the estate of decedent Jonathan McCall, names Houston County, Alabama and various personnel of the Houston County Jail as defendants in this action. She alleges that the defendants' conduct caused the death of her brother in violation of the Fourteenth Amendment and the State of Alabama's wrongful death statute, 1975 Ala. Code § 6-5-410.  She also alleges violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq., and § 504 of the Rehabilitation Act, 29 U.S.C. § 794.  Jurisdiction is proper under 28 U.S.C. §§ 1331

(federal question), 1343 (civil rights), and 1367 (supplemental jurisdiction). This cause is before the court on McCall's motions to strike portions of various affidavits filed by the defendants. The motions will be denied.

The Federal Rules of Civil Procedure restrict the use of a motion to strike to the pleadings. A motion to strike is not an appropriate vehicle for a general attack on another litigant's affidavits and evidence. See Lowery v. Hoffman, 188 F.R.D. 651, 653 (M.D. Ala. 1999) (Thompson, J.); Fed.R.Civ.P. 12(f); see also 2 James Wm. Moore, et al., Moore's Federal Practice § 12.37[2] (3d ed. 1999) ("Only material included in a 'pleading' may be subject of a motion to strike.... Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike.").

Nevertheless, in resolving the pending summary-judgment motions, the court will implicitly consider the motions to strike as, instead, notices of

objections to the evidence described.  Norman v. Southern Guar. Ins. Co., 191 F.Supp.2d 1321, 1328 (M.D. Ala. 2002) (Thompson, J.); Anderson v. Radisson Hotel Corp., 834 F.Supp. 1364, 1368 n. 1 (S.D. Ga. 1993) (Bowen, J.). Insofar as a ruling regarding the admissibility of evidence is necessary at this stage, see Rowell v.. BellSouth Corp., 433 F.3d 794, 800 (11th Cir. 2005), the court will address these objections in its ruling on summary judgment.

Similarly, the court is aware that it may, under certain circumstances, disregard an affidavit that contradicts prior unambiguous deposition testimony. See Hadley v. Gutierrez, 526 F.3d 1324, 1330 (11th Cir. 2008); Clay v. Equifax, Inc., 762 F.2d 952, 960 n.5 (11th Cir. 1985); Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc., 736 F.2d 656, 657 (11th Cir. 1984). Insofar as McCall's arguments on this point must be resolved at this stage, the court will likewise address them in its ruling on summary judgment.

3

***

Accordingly, it is ORDERED that the motions to strike affidavits (Doc. Nos. 112, 113, 114, 115, 116, and 117) filed by plaintiff Tracey McCall are denied.

DONE, this the 30th day of June, 2014.

                                        /s/ Myron H. Thompson
                                UNITED STATES DISTRICT JUDGE