IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |  |
|---|---|---|
| TRACEY MCCALL, as administratrix of the estate of Jonathan McCall, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | 1:11cv559-MHT (WO) |
| HOUSTON COUNTY, et al., | ) ) | |
| Defendants. | ) | |

OPINION AND ORDER

Plaintiff Tracey McCall, on behalf of the estate of decedent Jonathan McCall, names Houston County, Alabama and various personnel of the Houston County Jail as defendants in this action.  She alleges that the defendants' conduct caused the death of her brother in violation of the Fourteenth Amendment and the State of Alabama's wrongful death statute, 1975 Ala. Code § 6-5-410.  She also alleges violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq., and § 504 of the Rehabilitation Act, 29 U.S.C.

§ 794.  Jurisdiction is proper under 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights), and 1367 (supplemental jurisdiction).  This cause is before the court on McCall's motion to strike affirmative defenses from the defendants' answer.  The motion will be denied.

As McCall argues, the answer was not timely filed.  The court resolved defendants' motions to dismiss the first amended complaint on March 29, 2013.  The answer was not filed until August 28, 2013, some five months later.  Pursuant to Fed. R. Civ. P. 12(a)(4)(A), the time for filing the answer was 14 days after notice of the court's resolution of the motions to dismiss.  Thus the answer was, indeed, late.  The defendants have, even now, failed to seek leave to file late.

McCall does not ask the court to strike the answer in its entirety because of this tardiness, but only the affirmative defenses; in the alternative, she asks the court to issue an order to show cause why each individual affirmative defense should not be struck.  She argues

2

that she has been prejudiced because the answer includes 50 affirmative defenses and that, given the late date of filing, she was unable to seek discovery as to all of them.

The court is not persuaded that striking the defenses is an appropriate sanction for the late-filed answer. Generally, the remedy when a defendant does not answer is a default. But a default in this case would have been inappropriate, because, despite the defendants' failure to file an answer timely, they were actively engaged in discovery and litigation. As an alternative, McCall might have sought an order requiring the defendants to file an answer after their time for doing so had expired. The court gladly would have entertained such a request.

But McCall did not bring the defendants' failure to answer to the attention of either this court or, apparently, of the defendants. Rather, she waited to object until November 13, 2013, another two and a half months after the answer was filed. The defendants argue

that her motion was itself untimely under Fed. R. Civ. P. 12(f), which requires that a motion to strike an "insufficient defense" be filed within 21 days after service of the answer.  McCall argues, without citation to authority, that her motion is not brought pursuant to Rule 12(f), but under some other power to strike portions of late-filed answers.

Even if the court had such authority, a question the court need not reach, it would not exercise it in this case.  McCall's delay in alerting the court and the defendants that no answer had been filed and her further delay in objecting to the late filing until nearly the close of discovery are as unexplained and unjustified as the defendants' delay in filing their answer.  Whatever the court's view might have been at an earlier stage of these proceedings, at this point it is clear that both sides have been tardy and inattentive.

Finally, as part of her argument that she has been prejudiced, McCall objects to the inclusion of some 50

affirmative defenses in the answer, in the manner of a boiler plate "shotgun" pleading, including some that appear totally irrelevant to this case.  In particular, she points to two affirmative defenses that she argues relate only to real-property claims, which are not at issue in this case.

The court agrees that shotgun pleadings are wasteful and often abusive of pleading process.  See Byrne v. Nezhat, 261 F.3d 1075, 1130-1 (11th Cir. 2001).  But, at the same time, "'[a] motion to strike is a drastic remedy[,]' which is disfavored by the courts and 'will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Loucks v. Shorest, LLC, 282 F.R.D. 637, 638 (M.D. Ala. 2012) (Albritton, J.) (quoting Augustus v. Board of Public Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir. 1962)).[*]  McCall

---

    [*] The Eleventh Circuit has adopted as precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.  Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981)(en banc).

has argued that some of the affirmative defenses appear irrelevant, but has not shown to this court's satisfaction that they have no possible relation to the controversy.  Nor is the court convinced that she has suffered prejudice; for, as discussed above, if the affirmative defenses in the answer were as prejudicial as she argues, the court would have expected her to object to them promptly.

Both parties appear to have been derelict in allowing this case to proceed so long without addressing and resolving this matter.  The court might be willing to entertain other suggestions for how to address any possible prejudice, including perhaps a limited additional discovery period prior to trial.  But the court will not lay the entire responsibility at the defendants' feet as McCall requests.

***

**Accordingly, it is ORDERED that the motion to strike the answer or to show cause (Doc. No. 82) filed by plaintiff Tracey McCall is denied.**

**DONE, this the 30th day of June, 2014.**

                             /s/ Myron H. Thompson
                          **UNITED STATES DISTRICT JUDGE**