IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
TRACEY McCALL, as            )
administratrix of the        )
estate of Jonathan McCall,   )
                             )
    Plaintiff,               )
                             )    CIVIL ACTION NO.
    v.                       )      1:11cv559-MHT
                             )           (WO)
KEITH REED, et al.,          )
                             )
    Defendants.              )
```

OPINION AND ORDER

As the administratrix of the estate of Jonathan McCall, the plaintiff brought this lawsuit against defendants Houston County Jail Administrator Keith Reed, Corrections Deputy James West, and Licensed Practical Nurse Ashley Kennedy.  The plaintiff asserted both a federal claim (that the defendants' deliberate indifference to Jonathan McCall's serious medical needs caused his death in the Houston County Jail, in violation of the United States Constitution) and a state wrongful-death claim.  Subject-matter

jurisdiction was proper under 28 U.S.C. §§ 1331 (federal question), 1343(a)(3) (civil rights), and 1367 (supplemental).  After the parties settled, the case was closed.

The case is again before this court, this time on (1) the plaintiff's motion under Federal Rule of Civil Procedure 60(b) for leave to file a motion for a pro ami hearing and (2) the plaintiff's motion for a pro ami hearing.  The court held an on-the-record conference call on how to proceed on the two motions.


I.   THE RULE 60(b) MOTION FOR LEAVE
TO FILE A MOTION FOR A PRO AMI HEARING

A. Legal Standard

Federal Rule of Civil Procedure 60(b) is a procedural vehicle for obtaining relief from a final judgment.  The Rule lists five defined circumstances for obtaining relief and then, as relevant to this

2

case, provides a catch-all provision. Fed. R. Civ. P. 60(b). This catch-all, subpart (6) of Rule 60(b), allows the reopening of a federal case for "any other reason [in addition to the five listed] that justifies relief." "While the movant must demonstrate that 'the circumstances are sufficiently extraordinary to warrant relief, Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000), this catch-all provision creates a 'grand reservoir of equitable power to do justice in a particular case.' Nisson v. Lundy, 975 F.2d 802, 806 (11th Cir. 1992)." Daniel v. Gen. Motors Acceptance Corp., 2008 WL 3876764, at *2 (M.D. Ala. 2008) (Thompson, J.). A motion under this provision "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

## B. Background

This case arises out of Jonathan McCall's death in the Houston County Jail. As relevant here, after the court granted in part and denied in part the defendants' motion for summary judgment, McCall v. Houston Cnty., 2014 WL 3045552 (M.D. Ala. 2014) (Thompson, J.), the parties reached a settlement in August 2014, and, in September of that year, the court entered a judgment dismissing this case. While plaintiff has brought this lawsuit as the administratrix of the estate of Jonathan McCall, the beneficiary of that settlement is actually McCall's child, who is a minor and not a party to this litigation.

Following the settlement, the parties intended to ask the Houston County Probate Court to conduct a pro ami, or fairness, hearing to ensure the minor was

protected in the settlement. They housed the settlement proceeds in the probate court, and the probate court appointed a guardian ad litem for the minor. However, in October 2014, the Alabama Supreme Court ruled that probate courts do not have jurisdiction in the distribution of settlements from wrongful-death cases. Kirksey v. Johnson, --- So. 3d ----, 2014 WL 5311315, at *10 (Ala. 2014). Closed off from the probate court, the plaintiff, joined by defendants, now asks this federal court to reopen the case so that it can conduct the pro ami hearing.

## C. Discussion

Under Alabama law, "a minor is not liable on any contract he makes and ... he may disaffirm the same." S.B. v. Saint James Sch., 959 So. 2d 72, 96 (Ala. 2006) (internal quotation marks omitted). A settlement

5

agreement, as a type of contract, is subject to the same rule. Hines v. Seibels, 86 So. 43, 44 (Ala. 1920); see also William E. Shreve, Jr., Settling the Claims of a Minor, 72 Ala. Law. 308, 309 (2011). Moreover, because 1975 Ala. Code § 6-2-8 tolls the statute of limitations during minority and allows the minor a period of time after reaching majority to file suit, the minor may disaffirm a settlement and reassert the "settled" claim long after the statute would have otherwise expired. Id.

However, a settlement involving a minor may still be binding under Alabama law, but only if a judge holds a hearing "with an extensive examination of the facts, to determine whether the settlement is in the best interest of the minor." Large v. Hayes By & Through Nesbitt, 534 So. 2d 1101, 1105 (Ala. 1988). This hearing--called a pro ami, or fairness,

6

hearing--ensures that the judge protects the minor's interest and provides the needed finality for the parties to agree to a settlement.

There is some question about whether a pro ami hearing is necessary where a minor is a beneficiary of a settlement under Alabama's wrongful-death statute. Compare Shreve, Jr., Settling the Claims of a Minor, supra, at 315-316 (arguing that a pro ami hearing is not necessary because a minor is not a party in a wrongful-death case under Alabama law and because an administratrix may recover only punitive damages for deterrence and not compensatory damages for the minor) with Roby v. Benton Exp., Inc., 2006 WL 1375949, at *1 (M.D. Ala. 2006) (Thompson, J.) (before entering a final judgment based on a settlement and without reaching the issue of whether a pro ami hearing was required, court held hearing in wrongful-death action

7

under Alabama law even where minor was not a party). This is further complicated when the settlement also includes claims made under federal constitutional law pursuant to 42 U.S.C. § 1983 in which compensatory damages, in addition to punitive damages, might also be available.  Contrast City of Tarrant v. Jefferson, 682 So. 2d 29, 30 (Ala. 1996) (finding that compensatory damages are not available under 42 U.S.C. § 1983, when such a claim is based on Alabama's wrongful-death statute) with Gilmere v. City of Atlanta, Ga., 864 F.2d 734, 740 n. 7 (11th Cir. 1989) ("The Alabama wrongful death statute, Ala. Code § 6-5-410, provides only for assessment of punitive damages.  Because the statute is inconsistent with the rule that damages in § 1983 actions are to be compensatory, reliance on the Alabama wrongful death statute would not be proper under § 1988.")  (citations omitted); Lewis v. City of

8

Montgomery, 2006 WL 1761673, at *4 (M.D. Ala. 2006) (Watkins, J.) (finding Alabama's wrongful-death statute inconsistent with § 1983 and allowing for compensatory damages under a § 1983 action).

Given this uncertainty, it is reasonably arguable that it would have been prudent, prior to the dismissal of this case based on the purported settlement, to have addressed the fairness of the settlement "out of an abundance of caution."  See Shreve, Jr., Settling the Claims of a Minor, supra, at 315.

With her Rule 60(b) motion for leave to file a motion for a pro ami hearing, the plaintiff argues that it would still be prudent to address the issue of fairness, albeit after a judgment of dismissal has been entered in the case.  The Rule 60(b) leave-to-file motion asks that the court "reopen the ... case for the limited purpose of requesting a Pro Ami Hearing."

9

Plantiff's Rule 60(b) motion for leave to request pro ami hearing (doc. no. 207). The problem is that this case has been dismissed and a final judgment has been entered. There is nothing in the language of Rule 60(b) that authorizes this court to "reopen" this case; instead, Rule 60(b) provides that, under some circumstances, "the court may <u>relieve</u> a party or its legal representative from a <u>final judgment</u>." Fed.R.Civ.P. 60(b) (emphasis added). In other words, Rule 60(b) speaks only to whether the circumstances warrant releasing the parties from, that is, setting aside, the final judgment. The preliminary issue presented in the leave-to-file motion is whether the September 2014 judgment of dismissal should be set aside. Only if the judgment is set aside may the court then hold a pro ami hearing.

Here, after the Alabama Supreme Court's decision that probate courts lack jurisdiction to hold a pro ami hearing for wrongful-death cases and because, absent such a hearing, the settlement, even if fair, would not be binding on the minor who is the actual recipient of the proceeds in the settlement, there is arguably no true finality for the parties. In other words, it could be argued that the judgment flowing from the parties' settlement is not binding on the very person (the non-party minor) who is the only beneficiary of that settlement. The parties, therefore, have a direct interest in having the current judgment (which, according to them, is not binding on the minor) set aside so that the court can, after a pro ami hearing, enter a new judgment (which, according to them, would be binding on the minor). From the parties' perspective, it appears clear that it is to their

advantage for the court to set aside the dismissal judgment and hold a pro ami hearing.

The concern for the court is whether it should make this decision without having heard from the non-party minor--for the procedural premise of the parties' request to have the court set aside the September 2014 judgment is the belief that the court has the authority to conduct a pro ami hearing, require a non-party, the minor, to participate in that hearing, and, if the court finds the settlement is fair, enter a new judgment that would be binding on the minor. Absent this premise, there is no reason, asserted so far in this case, to set aside the final judgment. The plaintiff and the defendants here have assumed this premise. For them the only impediment to a pro ami hearing in which the court would determine the fairness of the settlement is the September 2014 judgment; they

do not question the court's authority to conduct a pro ami hearing.

However, the minor may or may not agree with all aspects of the procedural premise that the court has the authority even to conduct a pro ami hearing, including requiring a non-party to participate in that hearing and to enter a judgment that would be binding on that non-party. On the one hand, it may be that, regardless as to whether the settlement is fair or unfair, the status quo would be in the minor's interest, for the current judgment would not be binding on the minor now and when he or she reaches majority. Indeed, the minor, as non-party, may take issue with whether this court has the authority, absent the minor's consent, to require the minor to participate in a pro ami hearing and to enter a judgment binding on the minor when he or she reaches majority. For example,

it could be argued that, if the minor has already received the funds at issue, the minor would have no reason to agree to a belated pro ami hearing. (Notably, neither the plaintiff nor the defendants ask that the minor be made a party to this litigation, and they have not stated any basis for making the minor a party.)  On the other hand, it may be that, for a minor who has yet to receive the benefits of the settlement, the status quo would not be in the minor's best interest, for it could lead to further ligation (including an effort by the defendants to have the judgment set aside as unfair and then to litigate this case on merits) that could put the settlement, and, in particular, the minor's benefits from it, in serious jeopardy, including entangled in long-term litigation. The minor may want to consent to a pro ami hearing and being bound by a final judgment.  (Because the court

has exercised federal-question and supplemental jurisdiction (and not diversity jurisdiction, which could be destroyed by adding a party who is a citizen of Alabama), there does not appear to be any jurisdictional impediment to the minor being made a party.)

Thus, antecedent to the substantive determination by the court in a pro ami hearing of whether the settlement is fair to the minor is the procedural question of whether, in this case, the court even has the authority to conduct a pro ami hearing for the minor, who is not even a party to litigation. Because this antecedent question is the basis for the set-aside-judgment motion, the court believes that it it is prudent to appoint, and hear from, a guardian ad litem for the minor before deciding the procedural issue.

15

Courts should not enter knee-jerk orders affording pro ami hearings post judgment.

The court will therefore appoint a guardian ad litem for the minor and will treat the plaintiff's Rule 60(b) motion for leave to file a motion for a pro ami hearing as both (a) a Rule 60(b) motion to set aside judgment and (b) a motion for leave to file a motion for a pro ami hearing.  The court will hold a hearing on whether the set-aside-judgment motion should be granted.

## II. MOTION FOR PRO AMI HEARING

The court also has before it the plaintiff's motion for pro ami hearing. The parties agree that the court should appoint a guardian ad litem to represent the minor's interest at this hearing.

16

The plaintiff's pro-ami-hearing motion will be properly before the court only if the court grants the plaintiff's leave-to-file motion; the leave-to-file motion will be properly before the court only if the court grants the plaintiff's Rule 60(b) set-aside-judgment motion; and the court needs to appoint a guardian ad litem and conduct a hearing before deciding whether the set-aside-judgment motion should be granted.  However, so that all these issues can be heard at one time and in one hearing, the court will conditionally grant the leave-to-file motion; will conditionally grant the pro-ami-hearing motion; and will appoint the same guardian ad litem for both the Rule 60(b) hearing and the pro ami hearing.  Thus, if the court grants the set-aside-judgment motion, the court can conduct a pro ami hearing at the same time. If the court denies the set-aside-judgment motion, the

17

court can then rescind the granting of, and then deny, both the leave-to-file motion and the pro-ami-hearing motion.

\* \* \*

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) Plaintiff Tracey McCall's motion under Rule 60(b) for leave to file a motion a for pro ami hearing (doc. no. 207) is treated as both (a) a motion for leave to file a motion for a pro ami hearing and (b) a Rule 60(b) motion to set aside the dismissal judgment in this case.

(2) Plaintiff McCall's motion for leave to file a motion for a pro ami hearing (doc. no. 207) and motion

for a pro ami hearing (doc. no. 208) are conditionally granted.

(3) William C. Maddox, Esq., 567 West Main Street, Dothan, Alabama, 36301, 334.678.8100, <chrismaddox@graceba.net>, is appointed as guardian ad litem for the minor in this case.

(4) By agreement of the parties, the defendants are to pay the attorney's fees and expenses of the guardian ad litem, with those fees and expenses not to be subtracted from the amount of the proposed settlement.

(5) The clerk of the court is to arrange for the guardian ad litem to receive a copy of the file in this case.

(6) An on-the-record hearing on the Rule 60(b) motion to set aside the dismissal judgment (doc. no. 207) and, if granted, on the proposed fairness of the settlement to the minor is set for June 16, 2015, at

10:00 a.m. Counsel for the parties are to arrange for the hearing to be conducted by telephone. Counsel for all parties, the minor's mother, and the guardian ad litem are to be available for the hearing.

(7) On or before June 10, 2015, the guardian ad litem is to file a report that addresses all the issues raised in this opinion regarding whether the court should grant the Rule 60(b) motion to set aside the dismissal judgment (doc. no. 207) and, if so, whether the court should approve the proposed settlement for the minor. On or before June 12, 2015, the parties are to file their responses to the report.

DONE, this the 26th day of May, 2015.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE